# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**COLUMBIA CASUALTY COMPANY,**

    **Plaintiff,**

**v.**                                    **//    CIVIL ACTION NO. 2:02CV44**
                                                                  **(Judge Keeley)**

**WESTFIELD INSURANCE COMPANY,**

    **Defendant.**

## ORDER DENYING PLAINTIFF'S MOTION FOR RECOVERY OF COSTS

This matter is before the Court on Plaintiff Columbia Casualty Company's ("Columbia") Motion for Recovery of Costs (dkt no. 69). Columbia initiated this declaratory judgment action on June 3, 2002, pursuant to 28 U.S.C. §2201 and Rule 57 of the Federal Rules of Civil Procedure. Columbia seeks to hold Defendant Westfield Insurance Company ("Westfield") liable for a portion of the attorney's fees and costs Columbia incurred in defending three actions filed in the Circuit Court of Randolph County, West Virginia, along with the amount Columbia paid to settle those actions. On February 14, 2003, the parties cross-moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

After hearing oral argument from the parties, on June 2, 2003 the Court entered an order denying Columbia's motion for summary judgment and granting Westfield's motion for summary judgment. The Court concluded that Westfield's policy applies to "bodily injury"

and "property damage" caused by an "occurrence," and expressly defines "occurrence" as an accident. The Court then held that the decedents' deaths were not as a result of an accident, and, therefore, a cause of action arising from their deaths was not covered by the express language of Westfield's policy.

On June 23, 2003, Columbia filed its Notice of Appeal, and, on July 21, 2004, the Fourth Circuit Court of Appeals certified the following question to the West Virginia Supreme Court of Appeals:

> Under West Virginia law, were the suicidal deaths of Robinson and Everson, either or both, "occurrences" within the meaning of the Westfield Insurance Company commercial general liability policy at issue in this case?

On June 10, 2005, the West Virginia Supreme Court answered the certified question in the affirmative. On July 25, 2005, the Fourth Circuit filed a published opinion in which it adopted the opinion of the West Virginia Supreme Court of Appeals, vacated this Court's judgment and remanded the case for action consistent with its opinion.

On August 16, 2005, the Fourth Circuit also awarded Columbia its costs of appeal in the amount of $1,435.00. Because Westfield failed to timely pay these costs, Columbia sought an order from this Court enforcing the Fourth Circuit's August 16th Order awarding the costs incurred on the appeal. After Columbia filed its motion,

2

**COLUMBIA v. WESTFIELD**                                     2:02cv44

**ORDER DENYING PLAINTIFF'S MOTION FOR RECOVERY OF COSTS**

Westfield complied with the Fourth Circuit's order and paid the $1,435.00 to Columbia. It requested, however, that all costs of appeal be addressed in the Court's final disposition of the case.[1]

Pursuant to Rule 39 of the Federal Rules of Appellate Procedure, the Fourth Circuit awarded costs to Columbia with respect to its appeal of the Court's June 2, 2003 Order denying its summary judgment motion. Fed. R. App. P. 39(a)(4) provides that if a judgment is affirmed in part, reversed in part, modified, or vacated, costs are assessed pursuant to order of the court. Therefore, the Fourth Circuit awards the cost of an appeal under Rule 39 based on the results of the appeal and not the ultimate disposition of the coverage action. Moreover, although Rule 39(d)(2) provided Westfield with 10 days in which to object to Columbia's bill of costs filed with the Fourth Circuit, Westfield failed to file any objections. Accordingly, Westfield's opportunity to object to the Fourth Circuit's award of costs incurred by Columbia on its appeal expired and it had a duty to pay such costs regardless of the ultimate outcome of the coverage action.

---

[1] There has not been a final determination of the coverage issues raised in this litigation. Specifically, the Court's June 2, 2003 Order addressed only whether or not the underlying incidents constituted an "occurrence" under the terms of Westfield's policy and did not reach Westfield's other grounds for lack of coverage. Furthermore, the Court must reconsider Columbia's summary judgment motion in light of the Fourth Circuit's July 25, 2005 opinion. The Court currently has the coverage issues under consideration and will address those matters in a separate order.

## ORDER DENYING PLAINTIFF'S MOTION FOR RECOVERY OF COSTS

Columbia asserted that Westfield's compliance with the Fourth Circuit's order came more than five months after the order was issued, more than three months after Columbia requested payment, and after Columbia was forced to file a motion with this Court to compel Westfield's compliance with the Fourth Circuit's order. Therefore, it argued that it should not have been burdened with the expense of compelling Westfield's compliance and sought an award from this Court of its reasonable expenses for filing its motion to recover its costs.

Although Columbia was forced to file a motion to compel Westfield's compliance with the Fourth Circuit's order, the Federal Rules of Appellate Procedure do not provide for the recovery of the costs for filing such motion. Columbia cited Rule 37(b) of the Federal Rules of Civil Procedure in support of its request for the costs of filing its motion to recover its appeals costs. Fed. R. Civ. P. 37, however, is a discovery rule that allows parties to seek costs incurred in filing a motion to compel discovery responses or depositions. Given its limited applicability, Rule 37(b) simply does not provide a basis upon which Columbia can recover damages for having to seek enforcement of an order from the Fourth Circuit.

The Court, however, recognizes that it has inherent authority to sanction bad faith conduct when such conduct is not within the reach of a rule or statute. <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 32,

44-46 (1991). This inherent authority arises from the need to make the courts function efficiently, and is governed by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of their cases. Link v. Wabash R. Co., 370 U.S. 626, 630-31 (1962). Nevertheless, these inherent powers must be exercised with discretion, both in determining that the requisite bad faith exists and in fashioning an appropriate sanction for the conduct which abuses the judicial process. Chambers v. NASCO, Inc., 501 U.S. at 55; Roadway Express Inc., v. Piper, 447 U.S. 752, 764-766 (1980). Here, Columbia has failed to provide a sufficient factual basis to permit the Court to make the requisite determinations necessary to exercise its inherent authority.

Therefore, the Court **DENIES AS MOOT** Columbia's motion (dkt no. 69) with respect to recovery of appeal costs because Westfield has paid the $1,435.00 awarded by the Fourth Circuit to Columbia. Furthermore, the Court **DENIES** Columbia's motion with respect to recovery of its costs in filing the present motion based on an inadequate factual predicate.

It is so **ORDERED.**

The Clerk is directed to mail copies of this Order to counsel of record.

DATED: September 27, 2006.

**COLUMBIA v. WESTFIELD**                                              2:02cv44

**ORDER DENYING PLAINTIFF'S MOTION FOR RECOVERY OF COSTS**

                                        /s/ Irene M. Keeley
                                        IRENE M. KEELEY
                                        UNITED STATES DISTRICT JUDGE